**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION**

**VENTURA DONELL MOORE, # 31290**                                    **PETITIONER**

**versus**                                              **CIVIL ACTION NO. 2:11cv130-KS-MTP**

**TIM PALMER**                                                      **RESPONDENT**

<u>**REPORT AND RECOMMENDATION**</u>

THIS MATTER is before the court on the Petition of Ventura Donell Moore for Writ of

Habeas Corpus [1] pursuant to 28 U.S.C. § 2254, and Respondent's Motion to Dismiss [14]

pursuant to § 2244(d). Having considered the submissions of the parties, along with documents

made a part of the record of this case and the applicable law, the undersigned recommends that

Respondent's Motion to Dismiss [14] be granted and that the petition be dismissed with

prejudice.

PROCEDURAL HISTORY

On or about May 8, 2003, Petitioner was convicted of simple robbery in the Circuit Court

of Forrest County, Mississippi, Cause Number 03-015-CR, and was sentenced on May 12, 2003,

to a term of fifteen years to serve in the custody of the Mississippi Department of Corrections

("MDOC") without benefit of parole. *See* Ex. A to Motion [14-1]. Petitioner appealed his

conviction and sentence to the Mississippi Supreme Court. The Mississippi Court of Appeals

initially dismissed Petitioner's appeal for lack of jurisdiction. However, on motion for rehearing,

the court withdrew their original opinion, considered the appeal on its merits, and affirmed the

trial court's judgment on August 15, 2006. *See Moore v. State,* 942 So. 2d 251 (Miss. Ct. App.

2006); Ex. B to Motion [14-1]. Petitioner's writ for certiorari was denied by the Mississippi

Supreme Court on November 9, 2006. *Moore v. State*, 942 So.2d 164 (Miss. Nov 09, 2006)

(Table, NO. 2004-CT-00095-COA).  Based on the information available, Petitioner did not file a petition for writ of certiorari with the United States Supreme Court.

Petitioner filed a Motion for Leave to File a Motion Post-Conviction Collateral Relief in the Mississippi Supreme Court on or about June 9, 2008.[1]  The Mississippi Supreme Court denied the motion on July 9, 2008.[2]

Approximately two years later, on May 2, 2011, Petitioner filed a "Motion to Answer," which the Mississippi Supreme Court construed as a motion to reconsider.  The court denied the motion on July 11, 2011, finding that Petitioner was not entitled to reconsideration pursuant to Miss. R. App. P. 27(h).[3]

Petitioner submitted his federal Petition for Writ of Habeas Corpus [1] on or about June 13, 2011.  The Respondent contends that Petitioner's Petition was not timely filed and that it should be dismissed.

DISCUSSION

The Antiterrorism and Effective Death Penalty Act (AEDPA), to which this case is subject, specifies that a petitioner seeking federal habeas relief must file his federal petition within one year from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."  28 U.S.C. § 2244(d)(1)(A); *Egerton v. Cockrell,* 334 F.3d 433, 435 (5th Cir. 2003).  A state judgment becomes final "upon denial of certiorari by the Supreme Court or expiration of the period for seeking certiorari."  *Ott v. Johnson,* 192 F.3d 510, 513 (5th Cir. 1999).  The expiration of the time for review thus

---

[1]*See* Ex. C to Motion [14-3].

[2]*See* Ex. D to Motion [14-4].

[3]*See* Exs. E and F to Motion [14-5][14-6].

includes "the ninety days allowed for a petition to the Supreme Court following the entry of judgment by the state court of last resort." *Roberts v. Cockrell,* 319 F.3d 690, 694 (5th Cir. 2003).

Petitioner's writ for certiorari was denied by the Mississippi Supreme Court on November 9, 2006, and Petitioner did not file a writ of certiorari with the United States Supreme Court. *See Moore v. State*, 942 So. 2d 164 (Miss. Nov 09, 2006) (Table, NO. 2004-CT-00095 -COA). Thus, Petitioner's judgment became final-- and the statute of limitations for federal habeas relief began to run-- on February 7, 2007 (ninety (90) days after the final decision in state court), giving him until February 7, 2008, to file his petition. Petitioner did not file his federal petition until, at the earliest, June 13, 2011,[4] over three years after the federal statute of limitations had expired. Based on the foregoing, Petitioner's federal petition for habeas corpus is barred by the one-year statute of limitations unless he is entitled to either statutory or equitable tolling.

Whether statutory tolling occurred during the period between the judgment becoming final on February 7, 2007, and Petitioner's filing of the federal petition for habeas corpus on or about June 13, 2011, is determined by reference to 28 U.S.C. § 2244(d)(2), which provides for tolling of the one-year limitation period during the time in "which a properly filed application for State post-conviction or other collateral review" remains pending.

As set out above, Petitioner did file a motion for post-conviction relief in state court, but did not do so until June 9, 2008, four months after the expiration of the deadline to file his federal habeas petition. Because Petitioner failed to file a motion for post-conviction relief in

---

[4]"Under the 'mailbox rule,' a prisoner's federal habeas corpus petition is deemed filed when he delivers the petition to prison officials for mailing to the district court." *Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir. 1999).

state court before the expiration of the deadline to file his federal petition, statutory tolling pursuant to Section 2244(d)(2) does not apply.

The decision to apply the equitable tolling doctrine to the one-year limitation period set forth in section 2244(d) rests within the sound discretion of the district court. *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999). Generally, equitable tolling is appropriate only in "rare and exceptional circumstances." *Davis v. Johnson,* 158 F.3d 806, 811 (5th Cir. 1998). The petitioner bears the burden of proving the existence of rare and exceptional circumstances which warrant equitable tolling. *Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002). Equitable tolling "applies  principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Ott v. Johnson,* 192 F.3d 510, 513 (5th Cir. 1999) (citing *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999)). The court should "examine each case on its facts to determine whether it presents sufficiently 'rare and exceptional circumstances' to justify equitable tolling." *Fisher*, 174 F.3d at 713 (quoting *Davis*, 158 F.3d at 811).

In his Response [16] in opposition to Respondent's Motion [14], Petitioner claims that he never received the Mississippi Supreme Court's order (Ex. D to Motion [14-4]) denying his motion for leave to file a motion for post-conviction relief, which is why he filed a "motion to answer." Even assuming Petitioner's assertion to be true, a delay in receiving the court's order denying his motion would have no impact on the statute of limitations, since the deadline to file his federal petition expired prior to his filing of the motion with the Mississippi Supreme Court.

Petitioner has not shown that he was "actively misled" or that he was prevented from asserting his rights. *See Felder v. Johnson,* 204 F.3d 168, 171 (5th Cir. 2000); *Turner v. Johnson,* 177 F.3d 390, 392 (5th Cir. 1999). Accordingly, the court is of the opinion that Petitioner has failed to meet his burden of establishing "rare and exceptional" circumstances

sufficient to justify the application of equitable tolling to his time-barred petition.

## CONCLUSION

Petitioner's state court conviction became final on February 7, 2007.  Based upon the one-year limitation period found in 28 U.S.C. § 2244(d)(1)(A), he had until February 7, 2008, at the latest, to file a federal petition for a writ of habeas corpus.  Based on this court's conclusion that Petitioner has failed to meet his burden of proving that statutory or equitable tolling is appropriate, and because he did not file his federal petition until June 13, 2011, he cannot avoid the statutory bar of Section 2244(d).

## RECOMMENDATION

For the reasons stated above, the undersigned recommends that the Respondent's Motion to Dismiss [14] be GRANTED and that Petitioner's Petition for Writ of Habeas Corpus be dismissed with prejudice.

## NOTICE OF RIGHT TO OBJECT

In accordance with the rules  and 28 U.S.C. § 636(b)(1), any party within fourteen days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the judge, the magistrate judge and the opposing party.  The District Judge at the time may accept, reject or modify in whole or part, the recommendations of the Magistrate Judge, or may receive further evidence or recommit the matter to this court with instructions.  The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions

accepted by the district court to which the party has not objected.  *Douglass v. United Servs.*

*Auto. Ass'n,* 79 F.3d 1415, 1428-29 (5th Cir. 1996).

THIS, the 5th day of January, 2011.

s/ Michael T. Parker
United States Magistrate Judge