IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

**VENTURA DONELL MOORE, # 31290**                                                           **PETITIONER**

V.                                              CIVIL ACTION NO. 2:11-CV-130-KS-MTP

**TIM PALMER**                                                                                             **RESPONDENT**

## ORDER

On January 5, 2012, the Magistrate Judge entered his Report and Recommendation in this matter. In summary, the Magistrate Judge found that Petitioner's state judgment became final on February 7, 2007 – ninety (90) days after the entry of the Mississippi Supreme Court's denial of certiorari. Petitioner did not file his federal petition until June 13, 2011, at the earliest. Accordingly, the Magistrate Judge found that Petitioner's federal petition for habeas corpus was barred by the one-year statute of limitations imposed by the Antiterrorism and Effective Death Penalty Act ("AEDPA"). *See* 28 U.S.C. § 2244(d)(1)(A); *Ott v. Johnson*, 192 F.3d 510, 513 (5th Cir. 1999) (a state judgment becomes final upon the expiration of the period for seeking certiorari from the Supreme Court).

The Magistrate Judge further found that Petitioner had failed to establish any "rare and exceptional" circumstances sufficient to justify the application of equitable tolling. *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998) (equitable tolling only appropriate in rare and exceptional circumstances). Specifically, Petitioner failed to establish that he was "actively misled" by the Respondent or that he was "prevented in some extraordinary way from asserting his rights." *Ott*, 192 F.3d at 513. Therefore, the Magistrate Judge recommended that the Court grant the Respondent's Motion to

Dismiss [14] and dismiss the Petitioner's Petition for Writ of Habeas Corpus with prejudice.

On January 17, 2012, Petitioner filed his objections [25] to the Magistrate Judge's Report and Recommendation. Therein, Petitioner failed to address the Magistrate Judge's findings regarding the application of the AEDPA's one-year statute of limitations. Rather, Petitioner merely reasserted the same allegations and argument of his Petition.

As required by 28 U.S.C. § 636(b)(1), the Court has conducted an independent review of the entire record and a *de novo* review of the matters raised by the Petitioner's objections. However, there are no substantive objections for the Court to resolve, as Petitioner failed to address the statute of limitations issue addressed in the Magistrate Judge's Report and Recommendation. The Court concludes that the Report and Recommendation is an accurate statement of the facts and the correct analysis of the law in all regards. Therefore, the Court accepts, approves, and adopts the factual findings and legal conclusions contained in the Report and Recommendation entered by United States Magistrate Judge Michael T. Parker pursuant to 28 U.S.C. § 636(b)(1).

Respondent's Motion to Dismiss [14] is **granted.** Petitioner's Petition for Writ of Habeas Corpus is **dismissed with prejudice**.

SO ORDERED AND ADJUDGED this 7th day of February, 2012.

*s/ Keith Starrett*
UNITED STATES DISTRICT JUDGE